Filed
D.C. Superior Court
07/14/2014 10:14AM
Clerk of the Court

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

IAN C. MOSS, 532 20th Street, N.W.,
No. 314, Washington, DC, 20006,

    Plaintiff,

v.

BANK OF AMERICA CORP., 100
North Tryon Street, Charlotte, N.C.
28255,

    and

FIA CARD SERVICES, N.A., 1100
North King Street, Wilmington, DE
19884,

    Defendants.

Civil Action No. 2014 CA 003951 B
Honorable Jeanette J. Clark, J.S.C.

## FIRST AMENDED COMPLAINT

Plaintiff Ian C. Moss, for his First Amended Complaint against Bank of America Corporation and FIA Card Services, N.A. (together, "BoA"), alleges as follows:

### INTRODUCTION

1. Plaintiff is a former credit customer of BoA. He brings this action pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a *et seq.*, and District of Columbia law as a result of BoA's breach of a settlement agreement with Plaintiff and BoA's continuous reporting of inaccurate and misleading negative information to credit reporting bureaus. BoA's misconduct has caused Plaintiff damages, including Plaintiff being denied a loan for which he was otherwise qualified. Plaintiff seeks (a) statutory penalties, (b) damages proximately caused by BoA's furnishing of inaccurate negative information, (c) an order from this

Honorable Court enjoining BoA to comply with the terms of an accord and satisfaction to which BoA agreed, and (d) his attorney's fees and litigation expenses.

## PARTIES

2. Plaintiff is a citizen of the District of Columbia residing at 532 20th Street, N.W., No. 314, Washington, DC 20006.

3. Bank of America Corporation is a corporation organized and existing pursuant to the laws of the State of Delaware having is principal place of business at 100 North Tryon Street, Charlotte, NC 28255. Defendant continuously and substantially transacts business in the District of Columbia at numerous locations.

4. FIA Card Services, N.A. is a corporation organized and existing pursuant to the laws of the State of Delaware having its principal place of business at 1100 North King Street, Wilmington, DE 19884. Upon information and belief FIA Card Services, N.A. is the corporate successor in interest to Bank of America, N.A.

## JURISDICTION

5. This Honorable Court has subject matter jurisdiction over the federal law claims in this case pursuant to 15 U.S.C. § 1681p.

6. This Honorable Court has jurisdiction over the state laws claims in this case pursuant to D.C. Code § 11-501 because the conduct complained of took place in the District of Columbia.

7. This Honorable Court has general personal jurisdiction over Bank of America Corporation pursuant to D.C. Code §§ 13-422 and -423 based on its purposeful, continuous, and systematic contacts with the District of Columbia, including Defendant's continuous and substantial transaction of business within the District of Columbia; and/or specific per-

sonal jurisdiction over Defendant because Plaintiff's claims arise out of Defendant's transaction of business in the District of Columbia.

8. This Honorable Court has specific personal jurisdiction over FIA Card Services, N.A. ("FIA") pursuant to D.C. Code § 13-423(a)(1), (2), and/or (4) because Plaintiff's claims arise out of FIA's or its predecessor's transaction of business in the District of Columbia, because FIA or its predecessor contracted to supply services in the District of Columbia, and because FIA caused tortious injury to Plaintiff in the District of Columbia.

**FACTUAL ALLEGATIONS**

9. In 2005 BoA approved Plaintiff's application for a Platinum VISA© credit account and issued to him a card ending in 3441 (the "Account").

10. In 2008 Plaintiff closed the Account. At that time there was a balance due of approximately $4,600. The parties entered into an agreement pursuant to which BoA drafted eighty dollars ($80) per month from Plaintiff's savings account.

11. This agreement was to continue until such time as the Account balance had been reduced to zero.

12. In 2011, without notice to or the consent of Plaintiff, BoA unilaterally terminated the agreement and began reporting to each of the three major credit reporting bureaus that the Account had been "charged off."

13. BoA failed to notify Plaintiff that it was reporting negative credit information regarding the Account.

14. Furthermore, the parties disputed the amount Plaintiff owed on the Account.

15. Over the following months, Plaintiff repeatedly contacted BoA, by telephone, regular mail, and certified mail.

16. Each written notification was sent to Bank of America, FIA Card Services, P.O. Box 982234, El Paso, TX 79998-2234, the address to which BoA specifies that such correspondence be sent.

17. With each written and oral communication, Plaintiff notified BoA of its breach of the repayment agreement, disputed the Account balance, and requested BoA cease reporting inaccurate and misleading negative information to the credit reporting bureaus.

18. BoA admits its representatives spoke to Plaintiff on May 25, August 30, September 7, and September 10, 2012. BoA did not respond in writing to these communications or to any of Plaintiff's several letters to BoA.

19. For the reasons discussed below, BoA's Credit Card Agreement was superseded by the earlier of its conversion of the Account or its acceptance of Plaintiff's settlement offer. Nevertheless, BoA's failure to respond in writing to Plaintiff is in violation of BoA's own Credit Card Agreement and of FCRA.

20. BoA admits it converted the Account into a new account having as its last four digits the number 3999.

21. Once BoA unilaterally converted the Account, Plaintiff was no longer bound by the Credit Card Agreement.

22. BoA refused to correct the inaccurate and misleading credit reporting.

23. In August 2012 Plaintiff apprised BoA in writing that a settlement offer would be forthcoming.

24. In September 2012 Plaintiff notified a BoA representative that he would be making a formal settlement offer of the disputed debt, and asked for the appropriate address to send the offer.

25.     BoA's representative instructed Plaintiff to send the offer to: PO Box 15019, Wilmington, DE 19886-5019. That is the same address BoA identifies on its web site for credit card customers to use for payments.

26.     At no time did BoA communicate or otherwise send to Plaintiff a conspicuous statement that communications concerning disputed debts, including an instrument tendered as satisfaction of a debt, are to be sent to a designated person, office, or place.

27.     On October 15, 2012, Plaintiff sent the settlement offer to BoA at the address noted above. BoA received the offer on October 16, 2012.

28.     Plaintiff tendered to BoA a check in the amount of $177.64 as full and final payment of the disputed Account balance. The check contained a clear and conspicuous statement below the space for BoA's endorsement which set forth the following terms:

> By accepting these funds you agree that this account is paid in full and that you will cease reporting this account to each credit bureau as a charge off and begin to report that this account was closed by the consumer and paid as agreed. The laws of the District of Columbia govern this agreement. All of the above is accepted without protest.

(Supporting documentation is attached hereto as Exhibit 1).

29.     BoA endorsed and cashed the check without protest on October 17, 2012.

30.     The above payment has never been returned to Plaintiff.

31.     Notwithstanding BoA's acceptance of the settlement terms endorsed on Plaintiff's check, BoA continued to inaccurately report the Account as charged off and failed to characterize the Account as closed by Plaintiff.

32.     By letter dated August 18, 2013 Plaintiff notified Equifax Information Services, LLC ("Equifax"), Experian, and TransUnion Customer Relations ("TransUnion") (to-

gether the "Bureaus") that BoA was reporting inaccurate and misleading negative information regarding the Account.

33. On February 11, 2014 Plaintiff again notified Equifax, Experian, and TransUnion that BoA was reporting inaccurate and misleading negative information regarding the Account.

34. Upon information and belief, upon receipt of each dispute by Plaintiff the Bureaus in turn notified BoA that Plaintiff disputed BoA's characterization of the Account, including its balance, that it was charged-off, that it was not paid as agreed, and BoA's failure to state Plaintiff had closed the Account. Each of the Bureaus provided to BoA copies of the notice of settlement Plaintiff provided to BoA, the settlement offer, and the check which BoA negotiated, thus accepting Plaintiff's offer.

35. Upon information and belief, BoA on multiple occasions failed to:

    a. conduct a reasonable investigation with respect to the disputed information,

    b. review all relevant information provided by the Bureaus pursuant to 15 U.S.C. § 1681i(a)(2),

    c. report the results of its investigation to Experian,

    d. conduct a searching inquiry into Plaintiff's notice of dispute,

    e. review all relevant information provided to it by the Bureaus,

    f. verify all of the information provided by the Bureaus,

    g. report the results of its investigation to the Bureaus,

    h. modify or permanently block the reporting of inaccurate information regarding Plaintiff, and

    i. otherwise acted in violation of 15 U.S.C. § 1681s-2(b).

36. BoA failed to timely respond to the August, 2013 dispute forwarded by Experian; when it did respond, BoA updated the information it was reporting, but failed to provide updated information to the other Bureaus.

37. Thereafter, BoA reverted to providing the same inaccurate information to Experian as it had previously provided.

38. BoA continues to report the Account to each of the three major credit bureaus as "charged off."

39. Upon information and belief, BoA maintains a credit reporting application known as "Bullseye;" the Bullseye software is inherently flawed in that corrections to credit information submitted to Bureaus will revert back to incorrect information; such incorrect information will thereafter continue to be furnished to the Bureaus; and BoA knows the Bullseye software is so flawed.

40. Upon information and belief, BoA has attempted without success to correct the flaws in the Bullseye software, and a "pilot project" to correct the flaws in the Bullseye software was unsuccessful.

41. Unless restrained, BoA will continue to inaccurately and misleadingly report the Account as "charged off" and continue to act in breach of its agreement with Plaintiff.

42. As a direct and proximate result of BoA's inaccurate and misleading reporting, Plaintiff's credit score has been reduced, causing Plaintiff to incur damages.

## COUNT ONE
## BREACH OF CONTRACT

43. Plaintiff incorporates the allegations of paragraphs 1-42, above, as if fully set forth herein.

44. Plaintiff's October 15, 2012 communication to BoA enclosing a check with endorsement constituted an offer of settlement.

45. By cashing Plaintiff's check, BoA accepted Plaintiff's offer of settlement and the terms of the endorsement.

46. BoA agreed to cease reporting the Account as a charge off and to begin to report the Account as closed by the consumer and paid as agreed.

47. BoA did not cease reporting the Account as a charge off and paid as agreed, thus breaching the settlement agreement.

48. As a direct and proximate result of BoA's breach of the agreement, Plaintiff has suffered and will continue to suffer damages.

## COUNT TWO
## VIOLATION OF FCRA

49. Plaintiff incorporates the allegations of paragraphs 1-48, above, as if fully set forth herein.

50. BoA is a furnisher of information as that term is used in 15 U.S.C. § 1681s-2(b).

51. BoA knew or should have known it was reporting false and misleading information regarding the Account.

52. In response to notices received from the Bureaus, BoA violated 15 U.S.C. § 1681s-2(b) by:

   a. Failing to conduct a reasonable investigation with respect to the disputed information,

   b. Failing to review all relevant information provided by the Bureaus,

   c. Failing to report the results of its investigation to the Bureaus,

    d. Failing to conduct a searching inquiry into Plaintiff's notice of dispute,

    e. Failing to review all relevant information provided to it by the Bureaus,

    f. Failing to verify all of the information provided by the Bureaus;

    g. Failing to modify or permanently block the reporting of inaccurate and misleadingI information regarding Plaintiff,

    h. Failing to note on its subsequent reports to the Bureaus that Plaintiff disputed the information reported, and

    i. Otherwise acting in violation of 15 U.S.C. § 1681s-2(b).

53. BoA's failure to conduct a reasonable investigation in response to the Bureaus' notices violated 15 U.S.C. § 1681s-2(b).

54. Upon information and belief, due to the known flaws in the Bullseye software, BoA is unable to furnish corrected information regarding Plaintiff or any other of its customers.

55. BoA's violations of FCRA were and are willful and knowing.

56. As a direct and proximate result of BoA's violations of FCRA, Plaintiff has suffered and will continue to suffer damages.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in his favor and against BoA, awarding Plaintiff:

    A. Statutory penalties pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

    B. Damages in an amount to be proven at trial, currently exceeding $50,000;

    C. Specific performance of the agreement;

    D. Attorney's fees and litigation expenses pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

E. Such other relief as the Court deems just and appropriate.

July 14, 2014

Respectfully submitted,

*[signature]*

Steven M. Oster
D.C. Bar No. 376030
**OSTER LAW FIRM**
1850 M Street N.W., Suite 280
Washington, D.C. 20036
(202) 596-5291 (p)
(202) 747-5862 (f)
steve@osterlawfirm.com

*Counsel to Plaintiff Ian C. Moss*

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed using the Court's electronic filing system and thereby served on all counsel of record.

July 14, 2014

*[signature]*

Steven M. Oster



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

IAN C MOSS
Vs.
BANK OF AMERICA CORP.

C.A. No.   2014 CA 003951 B

**INITIAL ORDER AND ADDENDUM**

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge JEANETTE J CLARK
Date: __June 26, 2014__
Initial Conference: 9:30 am, Friday, September 26, 2014
Location: Courtroom 517
          500 Indiana Avenue N.W.
          WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

_IAN C. MOSS_
_____
Plaintiff

vs.

_BANK OF AMERIC and_
_FIA CARD SERVICES, NA_
_____
Defendant

Case Number _2014 CA 003951 B_

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Steven M. Oster_
Name of Plaintiff's Attorney
_1850 M Street NW 4ZPa_
Address _Washington DC 20036_
_(202) 596-5291_
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date _7/17/14_

如需翻译, 请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요.    ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





FORM SUMMONS - Jan. 2011                                                          .doc